**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DUANE THOMAS PEEVEY,

        Petitioner,                      Case Number: 2:07-CV-12430

v.                                            HON. VICTORIA A. ROBERTS

JAN TROMBLEY,

        Respondent.
_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY
JUDGMENT AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

This is a habeas case under 28 U.S.C. § 2254. Petitioner Duane Thomas Peevey (Petitioner) is incarcerated pursuant to a state court conviction for first-degree criminal sexual conduct. Respondent, through the Attorney General's office, has filed a Motion for Summary Judgment on the ground that the petition was not timely filed. For the reasons which follow, the Motion will be granted.

**I.**

Following a bench trial in Livingston County Circuit Court, Petitioner was convicted of first-degree criminal sexual conduct. On May 6, 2002, he was sentenced to 15 to 40 years' imprisonment.

Petitioner filed an appeal of right in the Michigan Court of Appeals. The Michigan Court of Appeals affirmed Petitioner's conviction. *People v. Peevey*, No. 242537 (Mich. Ct. App. Nov. 13, 2003). The court of appeals denied Petitioner's motion for reconsideration. *People v. Peevey*, No. 242537 (Mich. Ct. App. Jan. 7, 2004). Petitioner's application for leave to appeal in the Michigan Supreme Court was rejected for filing because it was not timely filed.

On December 30, 2004, Petitioner filed a motion for relief from judgment in the trial court. The trial court denied the motion. *People v. Peevey*, 02-012663-FC (Livingston County Circuit Court Jan. 4, 2005). Petitioner filed applications for leave to appeal the trial court's denial in the Michigan Court of Appeals and Michigan Supreme Court. Both Michigan appellate courts denied leave to appeal. *People v. Peevey*, No. 265173 (Mich. Ct. App. Apr. 21, 2006); *People v. Peevey*, No. 131050 (Mich. Oct. 31, 2006).

Petitioner filed the pending petition for a writ of habeas corpus on June 4, 2007.

## II.

Respondent has filed a Motion for Summary Judgment on the ground that the petition was not timely filed.

The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA" or "the Act") imposes a one-year limitations period on habeas corpus petitions. A prisoner must file a federal habeas corpus petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The time during which a prisoner seeks state-court collateral review of a conviction does not count toward the limitations period. 28 U.S.C. § 2244(d)(2). However, a properly filed application for state post-conviction relief, while tolling the statute of limitations, does not serve to restart the limitations period. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

In the pending case, Petitioner appealed his conviction to the Michigan Court of Appeals, which issued an order affirming his conviction and then denied reconsideration on January 7, 2004. Michigan Court Rule 7.302(C)(3) allows a defendant fifty-six days from the date of the

2

Michigan Court of Appeals' decision to file a delayed application for leave to appeal. Petitioner did not timely file an application for leave to appeal to the Michigan Supreme Court. Thus, his conviction became final when the time for seeking such review expired, March 3, 2004. *See Redmond v. Jackson*, 295 F. Supp. 2d 770, 767 (E.D. Mich. 2003) (Gadola, J.) (holding that conviction becomes final when the 56-day time period for filing a delayed application for leave to appeal in the Michigan Supreme Court expires); *Brown v. McKee*, 232 F. Supp. 2d 761, 765 (E. D. Mich. 2002) (Rosen, J.) (same); *Erwin v. Elo*, 130 F. Supp. 2d 887, 889 (E.D. Mich. 2001) (Tarnow, J.) (same). The limitations period commenced the following day, March 4, 2004, and continued to run until Petitioner filed a motion for relief from judgment on December 30, 2004. The motion for relief from judgment was a properly filed motion for post-conviction relief for purposes of tolling under section 2244(d)(2). Thus, the filing of this motion tolled the limitations period with sixty-five days remaining.

Petitioner filed applications for leave to appeal the trial court's denial of his motion for relief from judgment in the Michigan Court of Appeals and Michigan Supreme Court. Both state appellate courts denied leave to appeal. *People v. Peevey*, No. 265173 (Mich. Ct. App. Apr. 21, 2006); *People v. Peevey*, No. 131050 (Mich. Oct. 31, 2006). The limitations period, of which sixty-five days remained, resumed running on November 1, 2006. The limitations period continued to run, uninterrupted, until it expired on January 4, 2007. Petitioner did not file his habeas petition until June 4, 2007. Therefore, it was not timely filed.

Petitioner argues that he is entitled to equitable tolling of the limitations period because, on direct review, his appointed appellate counsel failed to file an application for leave to appeal to the Michigan Supreme Court within the applicable time period and because his family had

3

difficulty retaining an attorney to file a motion for relief from judgment. Generally, "a lawyer's mistake is not a valid basis for equitable tolling." *Whalen v. Randle*, 37 Fed. Appx. 113, 120 (6th Cir.2002). *See also Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir.2001) ("attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling"). "[T]he remedy for negligence by a party's lawyer is generally a legal malpractice suit or an ineffective assistance of counsel claim, not forcing the opposing party to defend against a stale claim." *Whalen*, 37 Fed. Appx. at 120. Moreover, difficulty in hiring an attorney is not a justification for equitable tolling of the statute of limitations. *See Wilson v. Birkett*, 192 F. Supp.2d 763, 766 (E.D. Mich.2002) (concluding that neither lack of knowledge of the law nor lack of funds to hire an attorney support the equitable tolling of the habeas statute of limitations); *Holloway v. Jones*, 166 F. Supp.2d 1185 (E.D. Mich.2001) ("Claims that a petitioner did not have professional legal assistance are not an extraordinary circumstance which would toll the statute of limitations").

Additionally, Petitioner argues the limitations period should be tolled because he is actually innocent. "Because AEDPA's one-year statute of limitations is not jurisdictional, a petitioner who misses the deadline may still maintain a viable habeas action if the court decides that equitable tolling is appropriate." *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004), citing *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). Actual innocence can be a basis for equitable tolling when a petitioner "can present new evidence which undermines this court's confidence in the outcome of the trial." *Souter v. Jones*, 395 F.3d 577, 600 (6th Cir.2005). "Where an otherwise time-barred habeas petitioner can demonstrate that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the

4

petitioner should be allowed to pass through the gateway and argue the merits of his underlying constitutional claims." Id. at 602. "[T]he threshold inquiry is whether 'new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial.'" Id. at 590, *quoting Schlup v. Delo*, 513 U.S. 298, 317 (1995). "[T]o be credible a gateway claim requires new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *House v. Bell*, --- U.S. ----, 126 S. Ct. 2064, 2077 (2006) (internal quotation marks omitted).

Petitioner's actual innocence claim is based entirely on his interpretation of the evidence presented at trial and his argument that that evidence failed to establish his guilt beyond a reasonable doubt. He presents no new, reliable evidence that was not presented at trial, which would raise sufficient doubt about his guilt so as to undermine confidence in the result of the trial. Therefore, his actual innocence claim, a rehashing of trial testimony, is insufficient to warrant equitable tolling.

### III.

A district court, in its discretion, may decide whether to issue a certificate of appealability ("COA") at the time the court rules on a petition for a writ of habeas corpus or may wait until a notice of appeal is filed to make such a determination. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002). The Court concludes that it is presently in the best position to decide whether to issue a COA. *See id.* at 901, (*quoting Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1072 (6th Cir.1997)), overruled in part on other grounds by *Lindh v. Murphy*, 521 U.S. 320 (1997)) ("[Because] 'a district judge who has just denied a habeas petition . . . will have an intimate knowledge of both the record and the relevant law,'" the district judge is, at that

5

point, often best able to determine whether to issue the COA.).

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, the Court concludes that reasonable jurists would not debate the court's conclusion that the petition is untimely. Therefore, the Court denies a certificate of appealability.

**IV.**

The Court finds that Petitioner failed to file his habeas petition within the applicable one-year limitations period, and that equitable tolling of the limitations period is not warranted.

Accordingly, **IT IS ORDERED** that Respondent's Motion for Summary Judgment is **GRANTED** and the petition for a writ of habeas corpus is **DISMISSED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: June 2, 2008

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on June 2, 2008.

s/Carol A. Pinegar
Deputy Clerk